UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Josianne Mell,

          Plaintiff,

v.

Minnesota State Agricultural Society,

          Defendant.

Civil No. 21-cv-1040 ECT/ECW

**ORDER**

This matter is before the Court upon the parties' Joint Motion Regarding Continued Sealing (Dkt. 81) pursuant to Local Rule 5.6(d) concerning documents filed under seal in conjunction with Plaintiff's Motion to Amend to Reintroduce Previously Dismissed Claims Without Prejudice (Dkt. 52).

The parties agree that Docket Entries 60, 63, 64, 65, 74-2, 74-3, 74-6, 74-7, 74-9, 74-16, 74-17, 74-18, 74-20, 74-22, 74-23, 74-24, 74-25, 74-26, and 74-28 should be unsealed. As such, these documents will be unsealed in accordance with the Local Rules.

With respect to Docket Entries 52, 54, 55, 56, 58, 59, 61, 62, 66, 67, 74, 74-1, 74-4, 74-5, 74-8, 74-10, 74-11, 74-12, 74-13, 74-14, 74-15, 74-19, 74-21, and 74-27, the parties agree to the continued sealing of these documents based on claims that they contain confidential health information, financial information, and/or social security numbers and dates of birth.

Based on these representations and the Court's review of the documents, the Court concludes that the need to maintain the information in above entries under seal outweighs the public's right of access. *See* Fed. R. Civ P. 5.2; L. R. D. Minn. 5.6(d) *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). However,

given that these documents were filed in conjunction with non-dispositive motions, the Court emphasizes that this decision is not determinative as to whether this information will remain sealed in the future to the extent that it is filed and considered by the Court with respect to future dispositive motions.  *See In re Baycol Prod. Litig.*, No. 08-CV-5758 (MJD/ECW), 2021 WL 1893897, at *4 (D. Minn. May 11, 2021).  To the extent that there is any future disagreement relating to whether a specific docket entry should remain unsealed, the Court expects the parties to conduct a robust meet and confer to attempt to resolve any dispute prior to filing any joint motion for continued sealing.

As to Docket Entry 57, the only basis provided for the continued sealing of the document by the parties was that "Emails were marked confidential by Defendant pursuant to Protective Order."  (Dkt. 81.)  "The fact that a document has been designated as confidential under a protective order alone is not a valid basis to keep the document under seal indefinitely for the purposes of Local Rule 5.6(d), which governs motions for further consideration of sealing in this District."  *Nagel v. United Food & Com. Workers Union,* No. 18-CV-1053 (WMW/ECW), 2020 WL 6145111, at *1 (D. Minn. Oct. 20, 2020) (citing *Micks v. Gurstel Law Firm, P.C.*, No. 17-CV-4659 (ECT/ECW), 2019 WL 220146, at *1 (D. Minn. Jan. 16, 2019)).  Without more information the Court cannot grant continued sealing based on its review of this Docket Entry.

# ORDER

Based on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continuing Sealing (Dkt. 81) is **GRANTED** in part and **DENIED** in part as follows:

1. Docket Entries 57, 60, 63, 64, 65, 74-2, 74-3, 74-6, 74-7, 74-9, 74-16, 74-17, 74-18, 74-20, 74-22, 74-23, 74-24, 74-25, 74-26, and 74-28 will be **UNSEALED** in accordance with the Local Rules.

2. Docket Entries 52, 54, 55, 56, 58, 59, 61, 62, 66, 67, 74, 74-1, 74-4, 74-5, 74-8, 74-10, 74-11, 74-12, 74-13, 74-14, 74-15, 74-19, 74-21, and 74-27 will remain **SEALED**.

3. The Motion is **DENIED** as to Docket Entry 57.  To the extent that the parties wish to seal Docket Entry 57, they should file the appropriate motion for relief.

DATED: September 27, 2022         *s/Elizabeth Cowan Wright*
                                  ELIZABETH COWAN WRIGHT
                                  United States Magistrate Judge